**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0275n.06

Case No. 14-5627

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 14, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ANTOINNE GOODLOE, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: NORRIS, SUTTON, and DONALD, Circuit Judges.

PER CURIAM. In 2008, Antoinne Goodloe pleaded guilty to a crack-related offense. *See* 21 U.S.C. § 846. He received a 121-month sentence, one month above the then-applicable mandatory minimum. After the Fair Sentencing Act of 2010 lowered that minimum to sixty months, Goodloe moved for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2). The district court obliged him one month, but refused to apply the new minimum retroactively. That refusal, Goodloe now argues, violates both the Act and the Constitution. But *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc), holds otherwise. Because the old minimum still applies to his case, Goodloe received the maximum reduction the law permits.

For these reasons, we affirm.